**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VIRGINIA NIEVES,**

           Plaintiff,

**vs.**                        **CASE NO. _____**

**GLOBAL SERVICES GROUP, LLC**
**d/b/a GLOBAL SERVICE**
**GROUP LLC OF DELAWARE**
**(a Delaware company)**

**and**

**RUTH POUTANEN (an individual)**

**and**

**JOHN DOE # 1**

**and**

**JOHN DOES # 2 – 3,**

           Defendants.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1. Plaintiff alleges that Defendant placed daily, repeated, automated telephone calls to Plaintiff's cellular telephone without disclosing its identity in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the

Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA"), and the Telephone Consumer Protection Act, 42 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367, 15 U.S.C. § 1692k, and 47 U.S.C. § 227(b)(3).   See <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, Virginia Nieves is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Global Services Group LLC d/b/a Global Service Group of Delaware ("Global") is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Chicago, Illinois.  Global is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Incorp Services, Inc.  Global regularly conducts business in the State of Florida including the Middle District of Florida.

5. Global regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Global regularly collects or attempts to collect debts for other parties.

7. Global is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8. Global was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. Defendant, Ruth Poutanen ("Poutanen"), is a natural person residing in Chicago, Illinois. Poutanen personally, or through agents, regularly conducts business in the State of Florida including the Middle District of Florida.

10. Upon information and belief, Poutanen is the sole member of member-managed Global.

11. Upon information and belief, Poutanen controls and directs the collection practices of Global and its employees, including, but not limited to, the placement and content of its telephone messages; whether it collects in states where it is required to be licensed but is not; whether it purchases illegally payday loan debts; and whether it complies with the FDCPA's notice of debt verification requirements.

12. Poutanen regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

13. Poutanen regularly, directly or indirectly, collects or attempts to collect debts for other parties.

14. Poutanen is a "debt collector" as that term is defined in the FDCPA and FCCPA.

15. Poutanen acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. Defendant John Doe # 1 is the creditor to whom the alleged debt is owed. Plaintiffs are presently unaware of the identity of the creditor, but will obtain it through discovery, and amend their Complaint accordingly.

17. Upon information and belief, John Doe # 1 is a debt buyer who authorized Global to collect the alleged debt on its behalf.

18. More specifically, John Doe # 1 is engaged in the business of purchasing defaulted consumer debts originally owed to others.

19. John Doe # 1 uses the mails and telephone in conducting business.

20. John Doe # 1 is a "debt collector" as that term is defined in the FDCPA and FCCPA. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (holding that debt buyers are undisputedly debt collectors and subject to the FDCPA).

21. By virtue of its status as a debt collector John Doe # 1 is vicariously liable to Plaintiff for Global's violations of the FDCPA and FCCPA. See Pollice v. National Tax Funding, L.P., 225 F.3d 379, 405 (3d Cir. Pa. 2000); McCorriston v. L.W.T., Inc., 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); Schutz v. Arrow Fin. Servs., LLC, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

22. Because John Doe # 1 is the creditor on whose behalf Global placed the calls, it is jointly and severally liable to Plaintiff with respect to the alleged violations of the TCPA. The Federal Communications Commission has held: "Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." FCC, IN THE

MATTER OF RULES AND REGULATIONS IMPLEMENTING THE TELEPHONE CONSUMER PROTECTION ACT OF 1991: REQUEST OF ACA INTERNATIONAL FOR CLARIFICATION AND DECLARATORY RULING, 07-232, ¶10, (2007), ("FCCRUL. 07-232").

23. Defendants, Poutanen and JOHN DOES 2-3, are employees, officers and agents of Global. Poutanen and JOHN DOES 2-3 established the policies of or carried out the practices of Global regarding the TCPA or authorized those policies and practices complaint of herein.

24. Pursuant to 47 U.S.C. § 217, an officer, agent or employee may be held liable for violation of the TCPA:

> [T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case also be deemed to be the act, omission, or failure of such carrier or user as well as that person.

25. Any reference hereinafter to "Defendant" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

## FACTUAL ALLEGATIONS

26. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

27. From April 19, 2016 to May 18, 2016, Defendant used an automatic telephone dialing system to deliver no less 32 pre-recorded messages Plaintiff's voice mail on her cellular telephone.

28. The following is representative of the voicemail messages Defendant left on Plaintiff's cellular telephone:

> This message is solely intended for Virginia Nieves. If you are not Virginia Nieves, please hang up now and disregard this message. We are handling a claim in our office. Please note your claim number: 860705. Please press 0 to speak to a representative or call us at 1-888-286-5462. Thank you.

29. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

30. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); Foti v. NCO Fin. Sys., 424 F.Supp.2d 643, 655-56 (S.D.N.Y. 2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D. Cal.2005) (same).

31. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

32. In enacting the FDCPA, Congress plainly sought to curb harassment or abuse at the hands of debt collectors, elevating this to the status of a legally cognizable injury and identified the private legal right of consumers to be entitled to receive the disclosures that Congress, in its judgment, included in 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11) in communications from debt collectors.

33. Defendant's failure to provide disclosures required by the FDCPA deprived Plaintiff and other consumers of information regarding a private legal right that

Congress specifically identified they should have, and created a substantial risk that the consumers would not be able to exercise their rights under the FDCPA.

34. Defendant is aware that the FDCPA requires debt collectors to disclose in telephone messages that it is a debt collector.

35. That Defendant utilizes pre-recorded telephone messages that do not disclose they are debt collector when Defendant knows it must disclose it is a debt collector evidences that Defendant intentionally violates the FDCPA.

36. On multiple occasions, Defendant placed 3 telephone calls per day to Plaintiff.

37. By way of example, on May 11, 2016, Defendant placed telephone calls to Plaintiff at 11:08 AM, 11:52 AM, and 1:31 PM.

38. The repeated, daily telephone calls were inconvenient and intrusive to Plaintiff.

39. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place numerous telephone calls to Plaintiff's cellular telephone within four years of this Complaint.

40. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

41. Defendant willfully or knowingly violated the TCPA.

42. Section 559.553 of the FCCPA requires all consumer collection agencies to first register with the Florida Office of Financial Regulation before attempting to collect a debt.

43. Section 559.785 of the FCCPA makes it a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering."

44. Defendant was attempting to collect a debt from Plaintiff and was required to register with the Florida Office of Financial Regulation.

45. At the time Defendant contacted Plaintiff Defendant was not registered with the Florida Office of Financial Regulation as a consumer collection agency.

46. By stating in the voicemail messages that Defendant was "handling a claim in our office" versus handling a debt in its office, Defendant implied that a lawsuit had been filed or was about to be filed against Plaintiff.

47. As of the date of this Complaint, no legal action has been taken against Plaintiff with respect to the alleged debt.

48. Defendant could not legally sue Plaintiff to collect the debt without first registering with the Florida Office of Financial Regulation. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197-1198 (11th Cir. Fla. 2010).

49. Defendant knew it could not legally sue Plaintiff to collect the debt.

50. Defendant's actions were willful.

## COUNT I
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d

51. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

52. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

53. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

54. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C § 1692d(5). *See* Sanchez v. Client Servs., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT III
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

55. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

56. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C § 1692d(6). *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT IV
### FALSE REPRESENTATION OF DEBT
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

57. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

58. Defendant falsely represented the character or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT V
### FALSE REPRESENTATION OF SERVICES RENDERED
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(B)

59. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

60. Defendant falsely represented the services rendered by the Defendant in connection with the collection of the debt in violation of 15 U.S.C. §1692e(2)(B).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT VI
### THREAT TO TAKE ACTION THAT CANNOT BE TAKEN LEGALLY
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

61. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

62.     Defendant threatened to take an action that it could not legally take in violation of 15 U.S.C. §1692e(5).  *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VII
### THREAT TO TAKE ACTION NOT INTENDED TO BE TAKEN IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(5)

63.     Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

64.     Defendant threatened to take an action that it did not intend to take in violation of 15 U.S.C. §1692e(5).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VIII
## FALSE REPRESENTATIONS OR DECEPTIVE MEANS
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

65. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

66. Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IX
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## IN VIOLATION OF 15 U.S.C. § 1692e(11)

67. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

68. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT X
## UNFAIR PRACTICES
## IN VIOLATION OF 15 U.S.C. § 1692f

69. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

70. Defendant used unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. §1692f.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT XI
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

71. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

72. Defendant willfully engaged in conduct which can reasonably be expected to abuse or harass the debtor in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT XII
### WILLFUL TELEPHONIC HARASSMENT AND ABUSE BY FREQUENT CALLING IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

73. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

74. By repeatedly placing numerous telephone calls to Plaintiff in a single day, Defendant willfully communicated with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT XIII
### ASSERTION OF LEGAL RIGHT KNOWN NOT TO EXIST IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)

75. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

76. Defendant asserted the existence of a legal right when Defendant knew the right did not exist in violation of Fla. Stat. § 559.72(9).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT XIV
### AUTOMATED OR PRE-RECORDED CALLS TO PLAINTIFF'S CELLULAR TELEPHONE IN VIOLATION OF THE TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)

77. Plaintiff incorporates Paragraphs 1 through 50 above as if fully set forth herein.

78. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. A declaration that Defendant's debt collection practices violate the TCPA;

    c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre-recorded or artificial voice of the called party; and engaging in the complained of practices; and

    d. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

           <u>*/s/ James S. Giardina*</u>
           [ X ] James S. Giardina – Trial Counsel
           Fla. Bar No. 0942421
           [   ] Kimberly H. Wochholz
           Fla. Bar No. 0092159
           **The Consumer Rights Law Group, PLLC**
           3104 W. Waters Avenue, Suite 200
           Tampa, Florida 33614-2877
           Tel: (813) 435-5055 ext 101
           Fax: (866) 535-7199
           James@ConsumerRightsLawGroup.com
           Kim@ConsumerRightsLawGroup.com
           ***Counsel for Plaintiff***